Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| GLORIA ESTHER CASES ORTEGA<br><br>Recurrido<br><br>v.<br><br>ROLANDO GONZÁLEZ PABÓN<br><br>Peticionario | TA2026CE00623 | *Certiorari* Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024RF00045<br><br>Sobre: Divorcio – Ruptura Irreparable |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de junio de 2026.

Comparece ante nos, el señor Rolando González Pabón (señor González Pabón o Peticionario) y solicita la revocación de una *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) el 6 de abril de 2026. En el referido dictamen de naturaleza interlocutoria, el TPI reiteró las relaciones paternofiliales autorizadas mediante una resolución previamente emitida sobre remedios provisionales en lo que se acredite un informe de la unidad social.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari*.

## I.

Atinente a los señalamientos de error puntualizados por el peticionario, conviene exponer que, el 22 de febrero de 2026, la señora Gloria E. Cases Ortega (señora Cases Ortega o Recurrida) interpuso una *Petición de Orden de Protección* al amparo Ley Núm. 54 de 15 de agosto de 1989, conocida como la Ley para la Prevención e Intervención con la Violencia Doméstica (Ley Núm. 54-1989), según enmendada, 8 LPRA secs. 601 *et seq.* en contra del señor

González Pabón, quien, a esa fecha, era su excónyuge en virtud de una *Sentencia* emitida el 8 de mayo de 2024[1] decretando roto y disuelto el matrimonio entre ellos. En su petición de orden de protección, la recurrida consignó haber sentido manifestaciones de maltrato consistente en amenazas, maltrato físico, intimidación verbal, emocional, psicológico y acoso sexual. Además, indicó que:

> Estamos divorciada mayo 2025(sic)[.] Siempre que voy a buscar a nuestra hija a su casa terminamos discutiendo. Hoy no fue la excepción me insultó estás enferma[.] Eres bipolar[.] Eres una imbécil[.] Necesitas ayuda. Todo lo que sale de tu boca son imbéciles. En una ocasión me dice que lo mejor que puedes hacer es quitarte la vida.[2]

De igual forma, informó que la situación antes relatada ameritó la intervención de la Policía de Puerto Rico y, en su consecuencia, el Ministerio Público radicó cargos en contra del señor González Pabón, por infracción al Artículo 3.1 de la Ley 54, *supra*. Por ello, la recurrida solicitó la extensión de la vigencia de la orden protectora a su favor y una orden para suspender las relaciones paternofiliales, con su hija menor de edad, L.E.P.G.C.

Es preciso señalar que del expediente surge que, coetáneo a cuadro fáctico antes resumido, el caso de relaciones de familia de epígrafe, sobre la pensión alimentaria y remedios provisionales, entre otros, ha continuado el curso ordinario. A esos efectos, tras la celebración de una vista celebrada el 28 de marzo de 2024, el TPI emitió una *Resolución* en la cual acogió un acuerdo entre las partes para establecer la custodia compartida sobre la hija de ambos y el plan de relaciones paternofiliales.[3]

Así las cosas, el 30 de diciembre de 2025, el peticionario, tras un intento de reconciliación con la recurrida, solicitó la custodia monoparental sobre L.E.P.G.C. Ello, por entender que, la madre de la menor, aquí recurrida, ha exhibido conducta que pone en riesgo

---

[1] Entrada Núm. 54 del expediente electrónico del Sistema Unificado para el Manejo y administración de Casos del Poder Judicial, (SUMAC) TPI.
[2] *Petición de Orden de Protección* del 22 de febrero de 2026, pág. 3.
[3] *Íd.*, Entrada núm. 26.

el bienestar de la hija, así como en su salud e integridad física, al exponerla a personas de dudosa reputación con un estilo de vida desorganizado que evidencia dejadez y negligencia en su cuidado.[4] A lo antes se opuso la recurrida.[5]

Resaltó que, tuvo que pedirle a su excónyuge, quien es abogado de profesión, se retirara del hogar seguro donde ella vive con su hija, ante su patrón de maltrato obsesivo, caracterizado por cien (100) llamadas en un día bajo amenazas a su persona. Además, rompió cosas y desordenó la casa, haciendo que ella sintiera temor. Lo antes, como parte de un ciclo de abuso que también la hizo sentir con miedo por su hija menor de edad. En su consecuencia, la señora Cases Ortega rechazó el petitorio del peticionario y solicitó a su favor la custodia monoparental de la hija de ambos. Además, solicitó que el TPI estableciera relaciones paternofiliales de forma supervisada. En atención a lo expuesto por las partes, el TPI refirió el asunto, el 26 de enero de 2026 ante la Unidad Social para la correspondiente evaluación.[6]

Pendiente lo anterior y según antes señalado, suscitaron los hechos que resultaron en la expedición de una orden protectora al amparo de la Ley 54, *supra*, a favor de la señora Cases Ortega y en contra del señor González Pabón con vigencia de dos años. El foro primario ordenó la paralización de toda relación filial del padre, aquí peticionario, hasta que otra cosa dispusiera el tribunal.

Mientras tanto, el TPI en el caso de autos, tomó conocimiento de lo anterior y mediante *Orden* expedida el 3 de marzo de 2026, señaló una vista en espera que la Unidad Social acreditara el informe ordenado previamente. Durante la audiencia judicial se propuso un proyecto de resolución para relaciones paternofiliales.[7]

---

[4] *Íd.,* Entrada núm. 60.
[5] *Íd.,* Entrada núm. 64.
[6] *Íd.,* Entradas núms. 66 y 67
[7] *Íd.,* Entrada núm. 80

Lo antes fue autorizado por el TPI mediante *Resolución*, el 9 de marzo 2026. No obstante, lo anterior, el 26 de marzo de 2026, el peticionario promovió una urgente moción ante el TPI en búsqueda de modificación de las relaciones paternofiliales previamente establecidas.[8]

Por entender que el desenlace del caso criminal alteró las circunstancias a su favor, el 2 de abril de 2026, el peticionario interpuso una moción urgente solicitando implementar custodia compartida a tenor con una *Resolución* anterior emitida por el foro primario en marzo de 2024. Puntualizó que procedía su reclamación toda vez que, se celebró la vista preliminar en el caso de Pueblo v. Rolando González Pabón, civil núm. K VP2026-0363 y se dictó una *Resolución* archivando el caso porque no existe causa probable sobre el delito imputado en su contra.[9]

Justipreciado lo expuesto por el peticionario, el TPI declaró no ha lugar la referida solicitud. Detalló que las relaciones paternofiliales continuarían, conforme la resolución de remedios provisionales hasta recibir el Informe de la Unidad Social. Lo antes, constituye el dictamen recurrido notificado en autos el 6 de abril de 2026, el cual fue objeto de una solicitud de reconsideración que luego fue denegada por el TPI el 22 de abril de 2026.

Aun inconforme, el señor González Pabón acude ante esta Curia y señala lo siguiente:

> Erró el TPI al declarar no ha lugar la solicitud del peticionario para establecer un plan de custodia provisional 2-2-3, bajo el fundamento de que la orden de protección expedida automáticamente el 22 de febrero de 2026 continúa vigente, toda vez que el foro correspondiente determinó no causa en los cargos presentados por la peticionaria al amparo del Artículo 3.1 de la Ley 54, por lo que la orden de protección continúa vigente en contra del debido proceso de ley.

> Erró el TPI al declarar no ha lugar la solicitud del peticionario para establecer un plan de custodia provisional 2-2-3, incurriendo en abuso de discreción al no considerar la totalidad de las circunstancias del caso, particularmente

---

[8] *Íd.*, Entrada núm. 87.
[9] *Íd.*, Entrada núm. 89.

cuando el foro correspondiente determinó no causa en los cargos presentados al amparo de la Ley 54, la orden de protección vigente es contraria al debido proceso de ley y el plan de custodia propuesto no violenta la orden de protección vigente.

En cumplimiento con nuestra *Resolución* emitida el 18 de mayo de 2026, la parte recurrida presentó su *Alegato en oposición a expedición certiorari,* por lo que, con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá "cuando se recurra de una orden o resolución al amparo de las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria de una moción de carácter dispositivo. Sin embargo, por excepción, el foro apelativo intermedio podrá revisar una orden o resolución interlocutoria dictada por el tribunal de instancia cuando se recurra de la

determinación en un caso de relaciones de familia, entre otros." (Nota omitida.) *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, **en casos de relaciones de familia**, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG,* 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio, no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida como la etapa del procedimiento en la cual fue presentada. Lo anterior, a los fines de determinar si es la más apropiada para intervenir sin ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

Es norma reiterada que, el foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen que emitió el foro de instancia es abitrario o constituye un exceso de discreción. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

**III.**

Tras una evaluación detenida del expediente y nuestra revisión del tracto procesal, colegimos que, el asunto traído a nuestra consideración, en esencia, versa sobre un aspecto del manejo del caso de relaciones de familia por el foro primario. Como resultado de nuestro análisis colegimos que, el Peticionario no nos ha puesto en posición para coincidir con su postura. Sus

planteamientos no superan el rigor requerido para sustentar nuestra intervención en esta etapa de los procesos conforme la Regla 40, *supra*. Entendemos que, ante la totalidad de las circunstancias expuestas en el expediente se demuestra un ejercicio prudente por parte del foro primario al mantener los remedios provisionales establecidas en cuanto a la custodia de la menor y sus relaciones filiales, pendiente la presentación de un informe de la unidad social y el debido análisis correspondiente. En su consecuencia, colegimos que procede abstenernos de intervenir con el dictamen recurrido, en ausencia de error manifiesto, arbitrariedad o abuso de discreción por parte del foro primario.

**IV.**

Por todo lo antes, denegamos la expedición del auto de *certiorari* según presentado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones